Exhibit L

**FEDERAL DEFENDERS**
MIDDLE DISTRICT OF ALABAMA
FEDERAL DEFENDER PROGRAM, INC.
817 S. COURT STREET
MONTGOMERY, AL 36104
TELEPHONE (334) 834-2099
FACSIMILE (334) 834-0353
Website: www.almfd.org

CHRISTINE A. FREEMAN
   Executive Director

November 14, 2024

The Honorable Gretchen Whitmer
Governor of Michigan
P.O. Box 30013
Lansing, Michigan 48909
**Via U.S. Mail & e-mail to Gretchen.Whitmer@michigan.gov**

Re:    **Time sensitive request for compliance with MCL 769.2a and Art. 4, § 46, of the Michigan Constitution by MDOC prisoner Demetrius Frazier (MDOC No. 230437)**

Dear Governor Whitmer,

      I write on behalf of Demetrius Terrence Frazier (MDOC No. 230437), a Michigan native and prisoner in the legal custody of the Michigan Department of Corrections (MDOC).[1] Despite being in MDOC's legal custody, Mr. Frazier is housed on death row at Holman Correctional Facility (Holman), in Atmore, Alabama, in the physical custody of the Alabama Department of Corrections (ADOC). On October 18, 2024, the Alabama Attorney General moved the Alabama Supreme Court (ASC) to issue a warrant to execute Mr. Frazier by nitrogen hypoxia (Enclosure 2).

      Mr. Frazier's presence in an Alabama prison is unlawful under MCL 769.2a, and his execution, while in the legal custody of MDOC, would violate Article 4, § 46, of the Michigan Constitution. Barring action on your part, Mr. Frazier's illegal custody status will continue and cause his execution. Once the ASC issues an execution warrant, the Governor can set an execution any time after the passage of 30 days.[2] Mr. Frazier requests your intervention to prevent a continuing illegality and violation of his

---

[1] A brief biography of Mr. Frazer is enclosed. (Enclosure 1).

[2] Mr. Frazier must respond to the motion by November 25, 2024. Once he has done so, the ASC could issue an execution warrant at any time.

constitutional rights.

Given the time constraints, Mr. Frazier requests a response no later than **December 2, 2024**, to give him time to bring legal challenges, including a mandamus action, before he is executed.

### Mr. Frazier is in MDOC's legal custody

MDOC took legal custody of Mr. Frazier in 1993, when he began serving three life sentences for violations of MCL 750.520b and murder in connection with sexual misconduct.[3] And apart from one period—in 1995-96[4]—Mr. Frazier remained in MDOC's physical custody until October 28, 2011. Because Michigan law requires Mr. Frazier to serve his life sentences in a state correctional facility or county jail, he is still in MDOC's legal custody.[5]

### The unlawful transfer of Mr. Frazier via Governor Snyder's Executive Agreement

On October 20, 2011, Governor Snyder executed an Executive Agreement (Enclosure 5) with the Governor of Alabama ordering Mr. Frazier to be transferred to the physical custody of ADOC. At 6:00 a.m. on October 28, 2011, MDOC officials ordered Mr. Frazier, then housed at Baraga Correctional Facility, to dress in an ADOC prison uniform. He was then taken to a private plane and flown to Alabama, eventually arriving at Holman where he remains.

---

[3] Judgment, *People v. Frazier*, No. 92-10671 (3d Jud. Cir. Apr. 8, 1993) (first degree murder) (Enclosure 3); Judgment, *People v. Frazier*, No. 92-6943 (3d Jud. Cir. Dec. 15, 1993) (first degree criminal sexual misconduct) (Enclosure 4).

[4] Mr. Frazier was temporarily (and lawfully) sent to Alabama under the Interstate Agreement on Detainers for trial on the capital murder case that resulted in his death sentence.

[5] MCL 769.2a ("[a] person serving a sentence of imprisonment for," *inter alia*, "[m]urder in connection with sexual misconduct" or MCL 750.520b "*shall not* be eligible for custodial incarceration outside a state correctional facility or a county jail") (emphasis added).

The Executive Agreement clearly violates—and continues to violate—MCL 769.2a. While it has always been problematic, now that Mr. Frazier faces execution, it has a newfound urgency. Mr. Frazier requests you "take care that the laws be faithfully executed"[6] by doing everything in your power to ensure he is returned to the physical custody of MDOC.

### Permitting Mr. Frazier's execution under the Executive Agreement will violate Article 4, § 46, of the Michigan Constitution

The Michigan Constitution provides: "No law shall be enacted providing for the penalty of death."[7] The Executive Agreement provides for "the transfer of" Mr. Frazier "to be safely housed on death row in the custody of [ADOC], as prescribed by law, until such time as he is executed[.]" To the extent Governor Snyder's action was authorized by law,[8] such a law would violate the Michigan Constitution.[9] Mr. Frazier's execution, while in MDOC's legal custody, will violate the Michigan Constitution. You have a legal duty to preserve, protect, and defend the Michigan Constitution and Mr. Frazier requests you do so.

### You should invoke the Extradition Clause to obtain physical custody of Mr. Frazier.

Perhaps the easiest route to ensure compliance with Michigan law is to invoke

---

[6] 1963 Const, art 5, § 7.

[7] 1963 Const, art 4, § 46.

[8] The Executive Agreement cites no law, and appears to violate Article 3, § 5, of the Michigan Constitution, which expressly limits the State's authority to enter into agreements with "one or more other states" to those agreements that comply with "provisions of general law" and "unless otherwise provided in this constitution." 1963 Const, art. 3, § 5 ("Subject to provisions of general law, this state or any political subdivision thereof, any governmental authority or any combination thereof may enter into agreements for the performance, financing or execution of their respective functions, with any one or more of the other states . . . or any political subdivision thereof unless otherwise provided in this constitution."). Both limitations would bar the Executive Agreement. *See* MCL 769.2a; 1963 Const, art. 4, § 46.

[9] Far from there being a law permitting it, MCL 769.2a explicitly prohibits the transfer.

the Extradition Clause.[10] The Governor of Alabama would have no choice but to honor your request, as compliance is not discretionary.[11] Mr. Frazier meets all requirements to trigger the Extradition Clause.[12]

First, he is "charged with crime" despite having been convicted and sentenced.[13] Mr. Frazier's Michigan judgments will not be satisfied until he dies in MDOC's legal and physical custody. Second, despite having been involuntarily removed from the state with the knowledge and permission of state officials, Mr. Frazier is a fugitive under the Extradition Clause.[14] Finally, Mr. Frazier is the person charged in Michigan.

> **You should notify Alabama that you do not consent to Mr. Frazier's execution because he is in MDOC's legal custody.**

Mr. Frazier plans to pursue habeas relief, under 28 U.S.C. § 2241, by filing suit against Alabama authorities while you pursue his return under the Extradition Clause.

---

[10] U.S. Const. art. IV, § 2, cl. 2 ("A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.").

[11] *See Puerto Rico v. Branstad*, 483 U.S. 219, 227 (1987) ("[T]he commands of the Extradition Clause are mandatory, and afford no discretion to the executive officers or courts of the asylum State.") (citation omitted).

[12] *See Michigan v. Doran*, 439 U.S. 282, 289 (1978) (only relevant considerations are: "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive").

[13] *See, e.g.*, *Chamberlain v. Celeste*, 729 F.2d 1071, 1075 (6th Cir. 1984) ("The object of the provisions of the Constitution and statute is to prevent the escape of persons charged with crime, whether convicted or unconvicted, and to secure their return and punishment if guilty. Taking the broad definition of 'charged with crime' as including the responsibility for crime, the charge would not cease or be merged in the conviction, but would stand until the judgment is satisfied.").

[14] *See, e.g.*, *In re Simmans*, 54 Mich. App. 112, 115 (1974) ("[A]n individual may be extradited even though he left the demanding state with the knowledge and consent of officials of that state") (footnote omitted).

Your written confirmation that Michigan has legal custody of Mr. Frazier and does not consent to his execution before the expiration of his life sentences would be of great help in his pursuit.[15] Would you please notify Governor Ivey, copying me, that you do not consent to Mr. Frazier's execution because he is in the legal custody of MDOC?

Mr. Frazier respectfully requests that you promptly pursue all legal channels available to ensure he is not unlawfully executed by the State of Alabama. Please do not hesitate to call (direct line: 334-███████) or e-mail me (spencer_hahn@fd.org) should you have any questions.

Thank you for your time and consideration.

Respectfully,

/s/ Spencer J. Hahn
Spencer J. Hahn
Assistant Federal Defender

cc: Christina Grossi, Chief Legal Counsel (via e-mail: grossic1@michigan.gov)
Dana Nessel, Michigan Attorney General (via e-mail: miag@michigan.gov)

Encls. (5)

---

[15] *See Moody v. Holman*, 887 F.3d 1281, 1291 (11th Cir. 2018) ("a person who has violated the laws of two sovereigns cannot choose (or have a federal court direct) which sentence he serves first, as long as the first sovereign consents to have the second sovereign take custody") (citations omitted).