UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEMETRIUS FRAZIER,

     Petitioner,

v.

TERRY RAYBON,
Warden, Holman Correctional
Facility, and

HEIDI WASHINGTON,
Director, Michigan Department
of Corrections,

     Respondents.

CASE NO. 1:25-00024-JB-N

HON. JEFFREY U.
BEAVERSTOCK

MAG. JUDGE KATHERINE
P. NELSON

---

## MICHIGAN'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AND BRIEF IN SUPPORT

### <u>Motion</u>

Respondent Heidi Washington, Director of the Michigan Department of Corrections (hereinafter "Michigan" for ease of reference), through counsel Dana Nessel, Attorney General of the State of Michigan, and Scott R. Shimkus, Assistant Attorney General, moves this Court to dismiss Petitioner Demetrius Frazier's habeas petition filed under 28 U.S.C. § 2241. Michigan further relies on the accompanying brief in support.

## Brief in Support

## INTRODUCTION

Over thirty years ago, Frazier was convicted of capital crimes in Alabama—for which he was sentenced to death—and in Michigan—for which he was sentenced to multiple terms of life imprisonment. Two decades later, in 2011, the governors of Alabama and Michigan entered into an Executive Agreement in which Michigan relinquished Frazier to Alabama for fulfillment of his Alabama sentence. In October 2024, Alabama initiated state legal proceedings to execute Frazier. He is currently scheduled for execution on February 6, 2025.

Frazier's habeas petition essentially asks this Court to compel Michigan to take Frazier back so he can serve his life sentences here and effectively prevent Alabama from carrying out its sentence. While Michigan takes no position on the imposition of the death penalty in this case, Michigan does not seek to return Frazier to a Michigan correctional facility.

Frazier cannot compel Michigan otherwise through federal habeas. Frazier's petition alleges claims that are not cognizable in federal habeas because they concern only state law and otherwise rest

on the exclusive powers of states as independent sovereigns. The
petition is also untimely, and Frazier has not exhausted his claims in
the state courts of either Alabama or Michigan before bringing his
habeas petition to this Court.

The petition should therefore be denied.

## PROCEDURAL HISTORY

Michigan concurs with, adopts, and incorporates by reference the
"Factual and Litigation History" outlined in Alabama's
contemporaneous motion to dismiss Frazier's petition.

## ARGUMENT

### I.    Frazier fails to state any claims upon which relief could be granted because his claims are not cognizable on federal habeas review.

The principal—and preclusive—fault with Frazier's habeas
petition is that his claims are not cognizable. Even if his petition was
presented in a procedurally perfect manner, which it is not, his claims
could not entitle him to habeas relief. In essence, he fails to state a
claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This
case should therefore be dismissed under Habeas Rule 4. *See* Rules

Governing Section 2254 Cases, Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Frazier's challenges rest on three flawed foundations, none of which confer relief under the U.S. Constitution.

*First*, Frazier points to the Interstate Agreement on Detainers (IAD). (Doc. 1, PageID.9–10, 14.) That is of no avail because IAD claims are not cognizable in habeas "absent a showing that the violation prejudiced the rights of the accused by affecting or impugning the integrity of the fact-finding process." *Remeta v. Singletary*, 85 F.3d 513, 519 (11th Cir. 1996). Frazier's petition does not at all protest the "integrity of the fact-finding process," as his claims have nothing to do with his underlying convictions in either Alabama or Michigan. (*See* Doc. 1, PageID.9.)

The Sixth Circuit imposes the same prohibition against IAD claims. *Browning v. Folz*, 837 F.2d 276, 283 (6th Cir. 1988) ("a violation of [the IAD], if it occurred, is not a basis for habeas corpus relief."); *see also Everett v. Burgh*, 477 F. App'x 325, 327 (6th Cir. 2012) (claim that the "State violated the [IAD] . . . by taking too long to bring [the petitioner] to trial" was "not cognizable on federal habeas review").

4

This prohibition applies whether the claim is brought under either 28 U.S.C. §§ 2254 or 2241.  *Curtis v. United States*, 123 F. App'x 179, 184–85 (6th Cir. 2005).  Strike one.

*Second*, Frazier contests the October 2011 Executive Agreement between the governors of Alabama and Michigan.  (Doc. 1, PageID.10–11.)  This boils down to a priority-of-custody matter between sovereigns.  "[A] prisoner does not have a right cognizable in habeas corpus to complain about the order of his prosecutions or sentences."  *Moody v. Holman*, 887 F.3d 1281, 1289, 1291 (11th Cir. 2018) (foreclosing, in a nearly identical case, the petitioner's "substantive assertion that the Alabama execution cannot be carried out until the federal sentences of life imprisonment are completed.").  That is, a prisoner "does not have a cognizable federal right to require the first sovereign to take back custody and have him complete its unexpired sentence."  *Id.* at 1291.  "He has been deprived of nothing to which he was entitled," as the dispute lies between the sovereigns; it is not for the prisoner to assert.  *Id.* (quoting *United States ex rel. Buchalter v. Warden of Sing Sing Prison*, 141 F.2d 259, 259–60 (2d Cir. 1944).

Indeed, where the petitioner "owe[s] a debt ultimately to [multiple] sovereigns . . . he has no right to pick and choose the order in which he would serve his [several] sentences." *Pitsonbarger v. Gramley*, 103 F.3d 1293, 1302 (7th Cir. 1996), *vacated*, 522 U.S. 802 (1997), *reinstated in relevant part*, 141 F.3d 728, 734 (7th Cir. 1998) (denying priority-of-custody claim where governors of Nevada, Illinois, and Missouri entered into an executive agreement dictating transfers of custody, with execution scheduled in Illinois). *See also United States v. Collier*, 31 F. App'x 161, 162 (6th Cir. 2002) (quoting *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir. 1980) (" '[d]etermination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns.' "). A prisoner "has no right to enforce a rule of comity between sovereigns . . . ." *United States v. Johnson*, 932 F.3d 965, 967 (6th Cir. 2019). Thus, in the end, "[t]his is not a matter for federal habeas review." *Remeta*, 85 F.3d at 519. Strike two.

*Third*, Frazier mistakenly relies on Michigan constitutional and statutory law to justify his habeas petition. (Doc. 1, PageID.11–12.) He faulters again. The Supreme Court has repeatedly held that any errors

in the application of state law, real or perceived, are not to be questioned on habeas review and that federal habeas courts have no authority to interfere in matters of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Habeas review cannot be used to try state law issues *de novo, Milton v. Wainwright*, 407 U.S. 371, 377 (1972), and a federal habeas court may not "act as an additional state appellate court to review a state court's interpretation of its own law or procedure." *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). A federal court sitting in habeas is also bound by the states' construction of its own laws. *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *accord Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Moreover, *even if* state law could somehow contribute to habeas review and relief, Frazier misapprehends Michigan law, as Alabama notes on pages 17 and 18 of its contemporaneous motion to dismiss. To begin, Michigan Compiled Laws § 769.2a(1) restricting the service of sentences of certain felonies to "a state correctional facility or a county

jail" does not mean that no Michigan prisoner can ever be sent to another state, as Frazier avers. (*See* Doc. 1, PageID.11.) If it did, Michigan's participation in the IAD would be meaningless, as no Michigan prisoner could be transferred to another state, the federal government, or another country to be held accountable for any of the crimes enumerated in § 769.2a(1) that he committed in those jurisdictions. It is true that there are no Michigan cases extoling such a holding, but that is because to date such a farfetched argument has never been attempted. Rather, the statute is solely intended to preclude sentencing or housing of prisoners in community placement for the enumerated crimes. See *Meek v. Bergh*, 526 F. App'x 530, 535 (6th Cir. 2013); *Roland v. Director of Mich. Dept. of Corr.*, 845 F.2d 327; 1988 WL 40080, at *1 (6th Cir. Apr. 29, 1988); *Jansson v. Dept. of Corr.*, 383 N.W.2d 152, 153–54 (Mich. Ct. App. 1985); Mich. Comp. Laws § 791.265h(1)(c); and Mich. Admin. Code R. 791.4410(1)(c). In fact, the MDOC no longer even operates the other facilities listed in § 769.2a(2).

Frazier's state constitutional argument is equally dubious, as the Executive Agreement in this case did not unilaterally enact any new laws in Michigan, let alone resurrect the decades-long abolished death

penalty in the state. (*See id.*, PageID.12.) It is well established that states may enter into executive agreements "for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their respective criminal laws and policies . . . ." 4 U.S.C. § 112(a) (wherein Congress created an exception to the Compacts Clause); *see also Pitsonbarger*, 103 F.3d at 1301. Strike three.

For any one of these reasons, Frazier's claims are not cognizable and thus fail to state a claim upon which relief may be granted. Dismissal is warranted under Habeas Rule 4 and Civil Rule 12(b)(6).

## II.    Because Frazier brings this habeas action as a convicted state prisoner, he is subject to the strictures of AEDPA, despite labeling his petition under 28 U.S.C. § 2241.

Congress has created two avenues of habeas relief for those subject to state custody: §§ 2241 and 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). "These identical statutory references to 'the writ of habeas corpus' must be read as referring to the same remedy." *Id.* "The broader form of habeas relief is § 2241, which authorizes federal intervention for state prisoners who are 'in custody in violation of the Constitution or law or treaties of the United States.'" *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) (quoting 28 U.S.C.

§ 2241(c)(3)). "The narrower form of relief is § 2254, which applies to a subset of state prisoners." *Id.* "Courts interpret § 2241 as the statutory grant of authority to issue habeas writs, and § 2254 as implementing that authority with respect to state prisoners." *Allen v. White*, 185 F. App'x 487, 489 (6th Cir. 2006).

The demarcation line is drawn upon conviction: "[i]nmates with final state court judgments thus must travel down the § 2254 road, while pretrial detainees must travel down the § 2241 path." *Saulsberry*, 937 F.3d at 647. This is a matter of substance, not form, so reviewing courts must "apply the § 2254 rules to an individual's post-judgment application even if he brings a § 2241 application." *Id.*; *accord Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254."). "[Section] 2254 is the 'exclusive vehicle' of habeas relief for prisoners in custody under a state judgment." *Saulsberry*, 937 F.3d at 647 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)); *see also Allen*, 185 F. App'x at 490 (noting that "there exists some question whether state prisoners may *ever*

proceed under § 2241." (emphasis in original)).  This also subjects
§ 2241 petitions to the Rules Governing § 2254 Cases, *see* Rule 1(b).

   The Eleventh Circuit follows this approach as well.  "[T]here is a
single habeas corpus remedy for those imprisoned pursuant to a State
court judgment (authorized by § 2241 but subject to all of the
restrictions of § 2254) . . . ."  *Peoples v. Chatman*, 393 F.3d 1352, 1353
(11th Cir. 2004).  "[A]llowing [a petitioner] to file his petition in federal
court pursuant to Section 2241 without reliance on Section 2254 would
thwart Congressional intent."  *Medberry*, 351 F.3d at 1060 (cleaned up).
To hold otherwise would leave § 2254 to "serve no function at all."  *Id.*

   This approach stands true "even if the petitioner is not
challenging the underlying state court conviction (e.g., challenges to
parole determinations), so long as the person is in custody pursuant to
the *judgment* of a state court."  Brian R. Means, *Federal Habeas
Manual* § 1:34 (2024) (collecting cases, including *Rittenberry v. Morgan*,
468 F.3d 331, 336–38 (6th Cir. 2006) (identifying a "single gate" to
habeas relief for state prisoners), and *Medberry*, 351 F.3d at 1058–62).

   Consequently, Frazier's petition, regardless of label, is subject to
all the strictures of AEDPA, § 2254.  Frazier must therefore satisfy,

excuse, or otherwise bypass the procedural requirements of timeliness under 28 U.S.C. § 2244(d) and exhaustion under § 2254(b) to have his petition heard. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–92 (1973) (exhaustion); *Peoples*, 393 F.3d at 1353 (timeliness). As shown below, he fails under both procedural provisions.

## III.   Frazier has filed his petition well beyond AEDPA's one-year statute of limitations.

Frazier's petition is long since untimely with respect to both his Michigan and Alabama convictions. His Michigan convictions finalized before AEDPA's effective date of April 24, 1996, and his Alabama convictions finalized on October 2, 2000, when the United States Supreme Court denied certiorari from his direct appeal. The Alabama and Michigan Executive Agreement was signed in October 2011. Yet Frazier filed his present federal habeas petition over a decade later, on January 16, 2025. This far exceeds AEDPA's one-year limitations period and thus warrants dismissal under Habeas Rule 4.

AEDPA provides for a one-year statute of limitations for habeas petitions filed after AEDPA's effective date of April 24, 1996, *Lindh v. Murphy*, 521 U.S. 320, 336 (1997), after certain triggering conditions:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was originally recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The statute of limitations can also be tolled by a properly filed motion for post-conviction review or equitably tolled under limited circumstances.  28 U.S.C § 2244(d)(2).

Under § 2244(d)(1)(A), a petitioner's judgment of conviction finalizes either with the conclusion of review in the United States Supreme Court or, if such review is not pursued, then 90 days after the

time for seeking such review expires.  Sup. Ct. R. 13.  The one-year

habeas statute of limitations then commences running.  *Gonzalez v.*

*Thaler*, 565 U.S. 134, 150 (2012).

Further, under § 2244(d)(1)(D), the petitioner bears the burden of

demonstrating diligence.  *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir.

2006).  The time commences when the factual predicate *could have been*

discovered with due diligence, "not when it was actually discovered by a

given prisoner."  *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

"Time begins when the prisoner knows (or though diligence could

discover) the important facts, not when the prisoner recognizes their

legal significance."  *Id.*  While "maximum feasible diligence" is not

required, due or reasonable diligence is.  *See Dicenzi*, 452 F.3d at 470

(citing *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004)).

The limitations period can also be tolled statutorily, by a "properly

filed application for State post-conviction or other collateral review," 28

U.S.C § 2244(d)(2), or equitably, under limited circumstances.

After completion of state court collateral review, the statute of

limitations is not tolled during the pendency of a certiorari petition in

the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

Frazier's habeas petition is untimely, and Frazier is not entitled to statutory or equitable tolling.

### A.    Frazier failed to file the petition within one year of the expiration of time for seeking direct review and took no action to toll the period of limitations.

*Michigan.*  Frazier's Michigan convictions finalized prior to the effective date of AEDPA.  The Michigan Supreme Court denied review from his murder conviction on August 28, 1995, *People v. Frazier*, 538 N.W.2d 682 (Mich. 1995) (unpublished table decision), and the Michigan Court of Appeals denied review from his criminal-sexual-conduct convictions on December 12, 1995.[1]  Frazier therefore had until April 24, 1997 to file a federal habeas petition, or to instead properly file an application for state post-conviction relief or other collateral relief to toll the one year statute of limitations period.  § 2244(d)(2);

---

[1] The order is not available on Westlaw, but the date of decision can be seen on the Michigan Court of Appeals' docket for Frazier's case. https://www.courts.michigan.gov/c/courts/coa/case/172296 (last accessed on Jan. 22, 2025).  Frazier did not seek review in the Michigan Supreme Court from his criminal-sexual-conduct convictions.

*McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) (citing *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999)).  He did neither, instead waiting until just recently to file his habeas petition.  His petition is therefore untimely for his Michigan convictions under § 2244(d)(1)(A).

*Alabama.*  His petition is late for his Alabama convictions as well, as Alabama outlines on pages 11 to 15 of its motion to dismiss.  His Alabama convictions finalized on October 2, 2000, when the United States Supreme Court denied certiorari from his direct appeal, *Frazier v. Alabama*, 531 U.S. 843 (2000) (mem).  *Gonzalez*, 565 U.S. at 150.  Since the date of finality was after the enactment of AEDPA, Frazier had one year, until October 2, 2001, within which to file the petition, or to instead properly file an application for state post-conviction or other collateral review to toll the one-year statute of limitations period.

Frazier filed a post-conviction motion under Alabama Rule of Criminal Procedure 32 on September 26, 2001—359 days after the statute of limitations began running.  *See Frazier v. State*, 884 So. 2d 908, 909 (Ala. Crim. App. 2003).  That filing statutorily tolled the running of the one-year habeas statute and left Frazier with six days to file the habeas petition once the collateral review concluded.  *McCloud*

16

*v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009).  The Alabama Supreme Court subsequently denied review on January 30, 2004, which concluded Frazier's collateral review.[2]  Because the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court after completion of state court collateral review, *Lawrence*, 549 U.S. at 329, Frazier had six days to file the habeas petition—until February 5, 2004.  However, Frazier waited *over twenty years*, until January 16, 2025, to file the habeas petition.  His petition is therefore untimely as to his Alabama convictions as well.

And Frazier has not shown, or even alleged, that §§ 2244(d)(1)(B) or (C) apply in this case.  And they do not.  No state-created impediment prevented Frazier from timely filing.  § 2244(d)(1)(B).  Nor is Frazier seeking the retroactive application of a recently recognized constitutional right.  § 2244(d)(1)(C).

At best, Frazier could assert that the limitations period should start running from the October 2011 Executive Agreement under

---

[2] This order does not appear to be available on Westlaw, but it is available on the Alabama Court of Criminal Appeals' online docket. https://publicportal.alappeals.gov/portal/court/b82b30d5-bd3c-46d7-9451-1cb05e470873/case/bc3f7915-b489-4213-b3c1-d8a04a330cbe (last accessed on Jan. 22, 2025).

17

§ 2244(d)(1)(D), where the factual predicate of the claims could not have been discovered before the expiration of time for seeking direct review. But even if it did, that is of no avail. Under this provision, Frazier would have had one year from the signing of the Executive Agreement to seek habeas relief. Yet he did not. Indeed, as Alabama thoroughly outlines on pages 28 to 29 of their motion to dismiss, Frazier let lapse opportunity after opportunity to bring his habeas petition before now.

Frazier's petition is decades too late and should be dismissed.

## B.    Frazier is not entitled to equitable tolling.

The Supreme Court has held that the habeas statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). But it should be granted "sparingly," and Frazier has not demonstrated any entitlement to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citations omitted).

### 1.    Frazier has not shown diligence and extraordinary circumstances.

Equitable tolling is available under *Holland* only when a litigant can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way . . . ." *Holland*,

560 U.S. at 649 (cleaned up). The second prong "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 257 (2016). The petitioner bears the burden of demonstrating *both Holland* factors. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011). They are " 'elements,' not merely factors of indeterminate or commensurable weight." *Menominee Indian Tribe of Wisconsin*, 577 U.S. at 256.

Here, Frazier is not entitled to equitable tolling under *Holland*. He has been anything but diligent in pursuing the claims he presents in his habeas petition decades after his convictions became finalized. Not only that, but the action of which he complains—his transfer from Michigan back to Alabama—occurred in 2011. Yet, he did not file a petition then. Nor did he do so upon each legal event leading up to the scheduling of his execution over these nearly 15 years. Instead, he inexplicably waited until now, when it is far too late. *Compare to Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 611 (6th Cir. 2013) (holding that seven months of inaction showed a lack of diligence).

Moreover, if this Court agrees that Frazier's present claims are untimely under § 2244(d)(1)(D), it should be cautious to grant equitable tolling since "§ 2244(d)(1)(D) is itself a kind of tolling rule," such that "it would be inappropriate for the judiciary to add time on a theory that would amount to little more than disagreement with the way Congress wrote § 2244(d)." *Owens*, 235 F.3d at 360.

### 2.    Frazier has not shown actual innocence.

A petitioner may also pass through the "impediment" of the statute of limitations upon a showing of actual, *factual* innocence based on new evidence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This is "a severely confined category" in which the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *Id.* at 386, 395. This is because the standard is exceedingly difficult to meet: the petitioner must show that " 'in the light of the new evidence, *no juror*, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (emphasis added).

In this case, however, Frazier does not allege that he is actually innocent. As such, the *McQuiggin* avenue is unavailable. *McQuiggin*,

569 U.S. at 394 ("AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made.").

***

As noted, equitable tolling should only be granted "sparingly." *Robertson*, 624 F.3d at 784. "A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day." *United States v. Locke*, 471 U.S. 84, 101 (1985); *accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."). Frazier has failed to meet his burden of showing that he is entitled to equitable tolling.

The untimely petition should therefore be dismissed under Habeas Rule 4. The states "ha[ve] an interest in the finality of [Frazier's] conviction[s]. Congress recognized as much by passing AEDPA and imposing a one-year time bar on federal habeas claims." *Hubbard v. Rewerts*, 98 F.4th 736, 751 (6th Cir. 2024).

21

## IV.   Frazier has not first exhausted his habeas claims in the state courts in either Alabama or Michigan.

Frazier has also failed to exhaust his habeas claims in the Alabama or Michigan state courts.  This Court is the first court—state or federal—in which he has contested his 2011 transfer from Michigan to Alabama pursuant to the Executive Agreement.  And this is not simply a procedural deficiency.  It undermines the very notion of comity between the state and federal courts.  *Johnson v. Bauman*, 27 F.4th 384, 395 (6th Cir. 2022) (exhaustion "promotes comity with state courts," and "ensures that a federal court, sitting in a habeas posture, has the benefit of the state court's reasoned judgment, to which [reviewing courts] afford great deference.").

Before a federal court may grant habeas relief, the petitioner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  It is the petitioner's burden to prove that a particular claim has been fully exhausted in the state courts.  *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).  To exhaust, the petitioner must have fairly presented the federal claims to all levels of the state courts, including the state court of last resort. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

22

A district court faced with a petition containing unexhausted claims has discretion to enter a stay to allow state exhaustion but a stay is appropriate only when the district court determines there is *good cause* for the petitioner's failure. *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005). And even if a stay is allowed, the district court's discretion in structuring the stay is limited by the timeliness concerns in AEDPA. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *Id.* at 278. However, even if the petitioner has good cause for the failure to exhaust earlier, the district court should not grant a stay if the unexhausted claims are plainly meritless. *Id.* Nor should a stay be granted if a petitioner engages in abusive litigation tactics or intentional delay. *Id.*

In this case, Frazier has never presented any of the claims before this Court to any state court in either Michigan or Alabama. That is to say, the *first time* he has *ever* contested his 2011 transfer from Michigan back to Alabama is *right now*, mere weeks before his scheduled execution. That simply cannot do. A habeas petition "*shall not be granted*" absent exhaustion or excusal of the requirement. § 2254(b)(1).

23

Frazier has means he could have used to exhaust in both Michigan and Alabama, but he did not. Michigan's court rules would have allowed him to seek relief from judgment. *See generally*, Mich. Ct. R. 6.500, *et seq.* In Alabama, Frazier could have filed a state habeas action under § 15-21-24, Ala. Code 1975. That statute provides several angles from which Frazier could have raised the present challenges:

(1) The jurisdiction of such court has been exceeded, either as to matter, place, sum or person;

(2) Though the original imprisonment was lawful, the party has become entitled to his discharge by reason of some subsequent act, omission or event;

(3) The process is void in consequence of some defect in matter or substance required by law;

(4) The process, though in proper form, was issued in a case or under circumstances not allowed by law;

(5) The process is not authorized by any judgment, order or decree nor by any provision of the law; or

(6) The person who has the custody of him under any order or process is not the person authorized by law to detain him.

The last provision would seem particularly applicable to Frazier's claims. And it does not appear that there is a time limitation for filing a state habeas action in Alabama, unlike a Rule 32.1(a) motion that must be filed within one year of direct review. Ala. R. Crim. P. 32.2(c).

Yet Frazier never filed *any* state challenges raising the present claims.  This leaves Frazier's habeas claims unexhausted.  28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, *by any available procedure*, the question presented."  (emphasis added)).

What is more, even if Frazier lacked any state mechanisms to exhaust his habeas claims, he would face another procedural pitfall: default.  If the petitioner fails to present his claims to the state courts but has no remaining state-court remedy, the claims are considered exhausted but procedurally defaulted.  *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996).  He then must establish either cause and prejudice or actual innocence to excuse the defaults, which, as Alabama aptly shows on pages 16 to 18 of their motion to dismiss, he cannot.

Either way, Frazier's petition is procedurally barred.  *See Davila v. Davis*, 528 U.S. 521, 527 (2017).

## CONCLUSION

For the reasons stated above, Michigan respectfully asks this

Court to dismiss Frazier's habeas petition with prejudice.

Respectfully submitted,

Dana Nessel
Michigan Attorney General

s/Scott R. Shimkus

Assistant Attorney General
Criminal Appellate and Parole
Appeals Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
shimkuss@michigan.gov
P77546

Dated: January 22, 2025

## Certificate of Service

I hereby certify that on January 22, 2025, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> CHIEF DISTRICT JUDGE JEFFREY U. BEAVERSTOCK
> MAGISTRATE JUDGE KATHERINE P. NELSON
> JOHN PALOMBI, ATTORNEY FOR PETITIONER
> SPENCER J. HAHN, ATTORNEY FOR PETITIONER
> LAUREN ASHLEY SIMPSON, ATTORNEY FOR RESPONDENT
> TERRY RAYBON

and I hereby certify that Ashley Greer has mailed by United States Postal Service the papers to the following non-ECF participant:

> Demetrius Frazier (Z608)
> Holman Correctional Facility
> 866 Ross Road
> Atmore, AL 36502

Respectfully submitted,

Dana Nessel
Michigan Attorney General

s/Scott R. Shimkus

Assistant Attorney General
Criminal Appellate and Parole
Appeals Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7650
shimkuss@michigan.gov
P77546